UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| VICTOR P. MONTOYA, | ) | |
| | ) | Case No. 2:16-cv-454-RFB-NJK |
| Plaintiff, | ) | |
| | ) | REPORT AND |
| vs. | ) | RECOMMENDATION |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security | ) | (Docket Nos. 16, 17) |
| | ) | |
| Defendant. | ) | |

This matter involves Plaintiff Victor P. Montoya's appeal from Commissioner Carolyn W. Colvin's final decision denying Montoya social security benefits. Docket No. 4. Currently before the Court is Montoya's motion to for reversal and/or to remand. Docket No. 16. The Commissioner filed an opposition and cross motion to affirm. Docket Nos. 17, 18. Plaintiff did not file a reply. This action was referred to the undersigned magistrate judge for a report of findings and recommendation pursuant to 28 U.S.C. 636(b)(1)(B)-(C) and Local Rule IB 1-4.

I.   **BACKGROUND**

   A.   Procedural History

This action arises under the Social Security Act, Titles II and XVI. Plaintiff filed an application for a period of disability, disability insurance benefits, and supplemental security income on August 15, 2012, alleging onset of disability from August 8, 2012. Administrative Record ("AR") at 20. His claim was denied initially and on reconsideration. AR at 20. On

January 28, 2015, Plaintiff testified before an Administrative Law Judge ("ALJ").  AR at 82-121. In a decision dated February 24, 2015, the ALJ analyzed the record and found that Plaintiff had not been under a disability, as defined in the Social Security Act, from August 8, 2012 through the date of the decision.  AR at 20-32.  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  AR at 1-4.

On March 2, 2015, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c).  *See* Docket No. 1.  Plaintiff filed an application for leave to appear *in forma pauperis*, which the Court granted.  Docket Nos. 1, 2.

B.  The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920, and issued an unfavorable decision on February 24, 2015.  AR at 20-32. At the first step of the five-step sequential analysis, the ALJ determined that Victor Montoya had not engaged in any substantial gainful activity since he alleged the onset of disability commencing August 8, 2012.  AR at 22.  At the second step, the ALJ determined that Montoya suffers from severe anxiety disorder, depressive disorder and subaverage general intellectual functioning.  AR at 23.  The ALJ found that Montoya's history of ADHD, substance abuse, which was reportedly in sustained remission, hypertension, mild lung disorder, and obesity were non-severe impairments because they had not resulted in any significant limitation in his ability to do basic work activities.  AR at 24.  At the third step, the ALJ determined that Montoya did not meet or equal any listed impairment in 20 C.F.R., Part 404, Subpart P, Appendix 1.  AR at 24-25.

At the fourth step, the ALJ determined that Plaintiff retains the residual functional capacity ("RFC") to perform "medium work" as defined under 20 C.F.R. § 404.1567(c) and 416.967(c), except that he is limited to simple tasks typical of unskilled occupations with no production rate pace work and only occasional, brief, and superficial interaction with the public and coworkers.  AR at 25.  At the fifth step, the ALJ determined that Plaintiff is unable to perform past relevant work ("PRW").  AR at 30.  However, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there are jobs that exist in significant

numbers in the national economy that the claimant can perform. AR at 31. The ALJ thus concluded that Plaintiff was not disabled at any time from the alleged onset date of disability through the date of the decision. AR at 32.

## II.    STANDARDS

### A.    Judicial Standard of Review

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *See, e.g., Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See, e.g.*, *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2003). When the evidence will support more than one rational

interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B.   Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. §§ 404.1514, 416.914. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as

work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disability is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform his PRW. 20 C.F.R. §§ 404.1520(f), 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

### III.    ANALYSIS AND FINDINGS

On appeal, Plaintiff argues that the ALJ erred at step three of the sequential evaluation

process. Docket No. 16 at 6. More specifically, Plaintiff argues that he meets the requirements of 20 C.F.R., Part 404, Subpart P, Appendix 1, Listing § 12.05C ("§ 12.05C"). *Id.* at 6-14. The Commissioner disagrees. Docket No. 17 at 10.

To satisfy § 12.05C, thereby ending the five-step inquiry, a claimant must show: "(1) subaverage intellectual functioning with deficits in adaptive functioning initially manifested before age 22; (2) a valid IQ score of 60 to 70; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation." *Kennedy v. Colvin*, 738 F.3d 1172, 1174 (9th Cir. 2013) (citing § 12.05C).

In this case, the ALJ found that Plaintiff did not satisfy the third requirement of § 12.05C. AR at 25. The ALJ's opinion, however, does not even address the first requirement. *See* AR at 24-25. Plaintiff asserts that he meets all three requirements. Docket No. 16 at 7-14. The Commissioner concedes that the ALJ erroneously found that Plaintiff did not meet the third requirement. Docket No. 17 at 10. However, the Commissioner urges this Court to uphold the ALJ's decision even though the decision makes no finding at all as to the first requirement. *See generally* Docket No. 17.

The Court declines the Commissioner's invitation to make an independent determination that Plaintiff does not meet § 12.05C's first requirement. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219 (9th Cir. 2009). As the Ninth Circuit has noted, "[l]ong-standing principles of administrative law require [a court] to review [an] ALJ's decision based on the reasoning of factual findings offered by the ALJ - not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Id.* at 1225-26 (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). The Court cannot meaningfully determine whether substantial evidence supports the ALJ's ultimate decision when the ALJ's opinion includes no finding or reasoning regarding whether Montoya has shown "subaverage intellectual functioning with deficits in adaptive functioning initially manifested before age 22." *Kennedy*, 738 F.3d at 1174

(citing § 12.05C).[2]

## IV. CONCLUSION

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record and having found that the ALJ did not address all of § 12.05C's elements, the Court concludes that the ALJ incompletely applied the relevant legal standard. As a result, a key finding is missing and it is not possible for the Court to determine whether substantial evidence supports the Commissioner's ultimate conclusion.

Based on the foregoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand**,** Docket No. 16, be **GRANTED** in part and that Defendant's Cross-Motion to Affirm, Docket No. 17, be **DENIED**.  The undersigned further **RECOMMENDS** that the ALJ's decision be **VACATED** and that the case be **REMANDED** to the Agency for further proceedings regarding the § 12.05C analysis.

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District

---

[2] The Commissioner argues that the Court should uphold the ALJ's opinion because an "ALJ is not required, 'as a matter of law, to state why a claimant failed to satisfy every different section of the listing of impairments.'" Docket No. 17 at 7 (quoting *Gonzalez*, 914 F.2d at 1200-1201).  While this is certainly true, an ALJ *is* required  to "make specific findings essential to the conclusion." *Gonzalez*, 914 F.2d at 1200.  Where, as here, an ALJ chooses to address a specific listing, he must apply the full, correct legal standard.  If an ALJ fails altogether to address a key element of a listing, a specific finding essential to the conclusion is missing.

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

IT IS SO ORDERED.

DATED: August 29, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge